# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00131-CV

---

**Sterling/Suggs Limited Partnership, Neal E. Suggs, and Nadine R. Suggs, Appellants**

**v.**

**Canyon Lake Island Property Owners Association, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. C2012-1457B, THE HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

---

## D I S S E N T I N G   O P I N I O N

I dissent because I would conclude that the trial court did not abuse its discretion in finding that CLIPOA had ratified the settlement agreement under Texas Business Organizations Code Chapter 22, Subchapter J: "Ratification of Defective Corporate Acts; Proceedings." *See* Tex. Bus. Orgs. Code §§ 22.501-.516 ("Ratification Act"). CLIPOA moved to enforce the agreement on the ground that its Board of Directors had adopted a resolution in compliance with the procedure established in the newly enacted statute that allowed it to cure the defect that had been identified by the arbiter—CLIPOA's lack of authority to enter into the settlement agreement due to the unfiled bylaws. The arbiter found that the Board lacked legal authority to enter into the settlement agreement because he concluded that the bylaws were a "dedicatory instrument" that had "no effect until the instrument is filed" in the Comal County real-property records. *See* Tex. Prop. Code § 202.006(1)-(2).

The Ratification Act provides a mechanism for ratifying a nonprofit corporation's defective corporate act when that act is void or voidable as a result of a failure of authorization. Tex. Bus. Orgs. Code § 22.502. Here, the relevant definition of "defective corporate act" is as follows:

> any act or transaction purportedly taken by or on behalf of the corporation that is, and at the time the act or transaction was purportedly taken would have been, within the power of a corporation to take under the corporate statute, but is void or voidable due to a failure of authorization.

*Id.* § 22.501(2)(B). "Corporate statute" is defined, among other things, as the Business Organizations Code. *See id.* § 22.501(1).

The Business Organizations Code provides that "the affairs of a corporation are managed by a board of directors." *Id.* § 22.201. CLIPOA argues that the relevant definition of "failure of authorization" in this case is "the failure to authorize or effect an act or transaction in compliance with the provisions of . . . the governing documents of the corporation . . . if and to the extent the failure would render the act or transaction void or voidable . . . ." *Id.* § 22.501(4)(A). Thus, CLIPOA contends, because the Board has the statutory authority to manage the affairs of the corporation, at the time of the settlement agreement, it would have had the power to enter into the agreement but for its failure to file the bylaws, which deprived it of legal authority to act (according to the arbiter). In other words, despite its ostensible corporate authority to enter into the settlement agreement, the Board failed to authorize or effect the settlement agreement in conformity with its bylaws because the bylaws were not yet filed.[1]

---

[1] The other subpart of the definition of "failure of authorization" also supports the trial court's order. Subpart (B) defines "failure of authorization" as "the failure of the board of directors or an officer of the corporation to authorize or approve an act or transaction taken by or on behalf

2

Because the bylaws had not been filed at the time the agreement was approved, the Board's act of entering into the settlement agreement could not have been an act or transaction authorized or effected in compliance with CLIPOA's governing documents because those governing documents were not yet effective. The Court concludes that CLIPOA's ratification of the settlement agreement fails because CLIPOA's entering into the settlement agreement does not meet the statutory definition of a "defective corporate act," based on the Court's underlying conclusion that the "failure of authorization" resulted from CLIPOA's failure to authorize the settlement agreement in compliance with the Property Code's requirement, which is not a "corporate statute" requirement, that it file its bylaws. I disagree that "in compliance with the provisions of the corporate statute" is the relevant portion of the "failure of authorization" definition. I instead agree with CLIPOA that the Board failed to authorize the settlement agreement in compliance with its governing documents because the bylaws had not been filed and thus were not yet effective to give it legal authority to act. Therefore, CLIPOA's adoption of a resolution in compliance with the Ratification Act cured this defective corporate act by remedying the initial failure of authorization to enter into the settlement agreement.

Consequently, I dissent because I would conclude that the trial court correctly analyzed and applied the law when it concluded that CLIPOA had ratified the settlement agreement in accordance with the provisions of the Ratification Act. *See also* Tex. Civ. Prac. & Rem. Code § 154.002 (establishing state's policy "to encourage the peaceable resolution of disputes, with

---

of the corporation that required the prior authorization or approval of the board of directors or the officer." Tex. Bus. Orgs. Code § 22.501(4)(B). The arbiter determined that the Board lacked any legal authority to act because of the failure to file the bylaws. Absent any legal authority to act, the Board could not have provided prior approval for its representative to enter into the settlement agreement.

3

special consideration given to . . . the early settlement of pending litigation through voluntary settlement procedures").

_____

Gisela D. Triana

Dissenting Opinion

Filed:   February 25, 2022